IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL J. GRELLE, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | SA-19-CV-125 |
| VS. | § | |
| | § | |
| CITY OF WINDCREST, | § | **COMPLAINT** |
| | § | |
| Defendant. | § | |

## I.  INTRODUCTION

(1) This is a proceeding for injunctive and declaratory relief, damages, and other appropriate legal and equitable relief sought to redress the deprivation of rights secured to Plaintiff by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII") and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§12101 *et seq.* ("ADA").

## II.  JURISDICTION

(2) The jurisdiction of the Court over this controversy is invoked pursuant to the provisions of 28 U.S.C. §1331, 28 U.S.C. §1343(a)(4), 42 U.S.C. §2000e-5(f)(3), and 42 U.S.C. §12117(a).

## III.  VENUE

(3) The unlawful employment practices alleged below were committed within the State of Texas. Accordingly, venue lies in the United States District Court for the Western District of Texas, under 28 U.S.C. §1391(b).

## IV.  PARTIES

(4) Plaintiff Michael J. Grelle is a citizen of the United States and a resident of the State of Texas. Plaintiff is a person entitled to protection pursuant to the provisions of Title VII and

the ADA.

(5)     Defendant City of Windcrest is a municipality in the State of Texas and is an employer as defined by Title VII and the ADA.

## V.   STATEMENT OF FACTS

(6)     Plaintiff began working for the City of Windcrest Police Department on April 1, 2013, as a Patrolman.

(7)     Plaintiff was terminated from employment on April 18, 2018.

(8)     On March 20, 2018, Plaintiff was informed by Police Department management that he was being sent to a psychologist for a "fit for duty" exam.  Plaintiff complied with the order and learned from the psychologist that Police Department management wanted Plaintiff evaluated because he allegedly handled calls "hap-hazardly" and became very aggressive and they were concerned with a personal matter regarding his girlfriend becoming involved with one of his co-workers.  Plaintiff had never been advised by management that there were any issues with his handling of calls or his behavior.

(9)     On March 25, 2018, Plaintiff was returned to work and on March 27, 2018, he was advised by Police Department management that he was cleared by the psychologist.

(10)    Having been unable to remove Plaintiff from duty through the "fit for duty" process, on April 3, 2018, Police Department management placed Plaintiff on administrative leave pending an investigation into an alleged comment Plaintiff made on December 7, 2017, and on April 4, 2018, another investigation was commenced regarding two calls Plaintiff handled on February 8, 2018.  Again, Plaintiff had never been approached about issues on December 7, 2017, and February 8, 2018, until April 2018.

(11)    Once again Plaintiff was returned to work on April 10, 2018, after being cleared

regarding the alleged December 7, 2017, comment. However, on April 18, 2018, he was terminated from employment for how he handled a call on February 8, 2018.

(12) Police Department management claims Plaintiff should have arrested a suspect for public intoxication when Plaintiff responded to the second call regarding the suspect.

(13) Officer Adam Espinoza who responded to the first call regarding the suspect 24 minutes prior to Plaintiff, also did not arrest the suspect for public intoxication, but has not been disciplined or terminated for his actions.

## VI.   DAMAGES

(14) As a direct and proximate consequence of Defendant's unlawful and discriminatory employment policies and practices, Plaintiff has suffered losses including, but not limited to, back pay, front pay, interest, benefits, special damages, expenses, and compensatory damages, all to be specified at trial.

## VII.   FIRST CAUSE OF ACTION

(15) Plaintiff alleges Defendant's unlawful actions in treating Plaintiff less favorably than similarly situated employees not of his race violates Title VII, justifying an award, inter alia, of back pay, front pay, interest, benefits, special damages, expenses, and compensatory damages against Defendant.

## VIII.   FIRST CAUSE OF ACTION

(16) Plaintiff alleges Defendant's unlawful actions in perceiving him as disabled and attempting to terminate his employment because of that perceived disability violates the Americans with Disabilities Act, as amended, justifying an award, inter alia, of back pay, front pay, interest, benefits, special damages, expenses, and compensatory damages against Defendant.

## IX.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

(17)   Prior to filing this action, Plaintiff timely filed his written charge asserting race and disability discrimination with the Equal Employment Opportunity Commission within the appropriate number of days.  In conformance with the law, Plaintiff has filed this action subsequent to the expiration of ninety (90) days from the date of receiving his right to sue letter from the EEOC.

## X.   INJUNCTIVE RELIEF

(18)   Plaintiff alleges Defendant's discriminatory actions herein must be enjoined by this Court in order to force Defendant to comply with the law.   It is suggested the injunction be specific in enjoining Defendant and its employees, agents, and representatives.

(19)   In addition, Plaintiff requests this Court reinstate Plaintiff with full restoration of all rights, seniority, and benefits.

(20)   Finally, Plaintiff requests this Court retain jurisdiction for five (5) years to make sure Defendant is complying with the law.

## XI.   PRAYER FOR RELIEF

(21)   WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant:

(a)   For a money judgment representing back pay, front pay, benefits, special damages, expenses, and compensatory damages;

(b)   For a money judgment representing interest, if applicable;

(c)   For reinstatement and restoration of benefits, upon conditions Defendant and its employees, agents, and representatives comply with the law;

(d)   For injunctive relief, including providing this Court retains jurisdiction over this action until Defendant has fully complied with the orders of this Court and requiring Defendant to file any and all

       reports necessary for this Court to supervise compliance with the ADA provisions for five (5) years;

(e)     For costs of suit, including an award of reasonable attorney's fees and expert fees; and

(f)     For such other and further relief as may be just and proper.

## XII.   DEMAND FOR A TRIAL BY JURY

(22)   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

                                          Respectfully submitted,

                                          LAW OFFICES OF
                                          GAUL AND DUMONT
                                          315 E. Euclid Avenue
                                          San Antonio, Texas 78212
                                          (210) 225-0685
                                          (210) 595-8340 - Fax

                                   By: */s/Malinda A. Gaul*
                                          MALINDA A. GAUL
                                          State Bar #08239800
                                          Attorney for Plaintiff